76 F.3d 1244
 316 U.S.App.D.C. 191
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
James George WALKER, Appellant,
v.
PROVIDENCE HOSPITAL, et al.
 No. 94-7162.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 26, 1995.
 
 BEFORE: SILBERMAN, SENTELLE, and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C.Cir.Rule 36(b). It is
 
 
 2
 ORDERED AND ADJUDGED that the district court's order filed July 22, 1994, be affirmed. The district court did not abuse its discretion, see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990), in imposing sanctions. As the district court observed, there exist grounds supporting the imposition of sanctions independent of the original district court's mistaken conclusion that Walker v. Suburban Hospital, 885 F.2d 867 (4th Cir.1989) (unpublished disposition, text available in WESTLAW), cert. denied, 494 U.S. 1056 (1990), put Walker on notice that the allegations in his complaint were insufficient to state a claim under 42 U.S.C. § 1981. Appellant relied upon an amending statute, the Civil Rights Restoration Act of 1987, Pub.L. No. 100-259, 102 Stat. 28 (1988), which does not provide a cause of action but merely amends and clarifies several existing statutes, none of which appellant invoked in his complaint. In addition, appellant relied upon the "Proposed" Civil Rights Act of 1990, which, as pending legislation, could not have provided any remedy when Walker filed his complaint. Appellant also invoked the Fourteenth Amendment without alleging colorable state action.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41.